UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeremy Shay Sweat, # 326997, ) | Case No. 2:19-cv-307-JMC-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Brian Stirling and Michael McCall, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil action under 42 U.S.C. § 1983. Plaintiff Jeremy Sweat is representing himself and has been granted leave to proceed *in forma pauperis*. This matter is before the Court on initial screening. Under Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the complaint and to submit a recommendation to the United States District Judge. For the following reasons, the undersigned recommends that this action be dismissed, with prejudice and without issuance or service of process.

## **BACKGROUND**

Sweat, a state prisoner, is suing South Carolina Department of Corrections Director Brian Stirling and Deputy Director Michael McCall. (Dkt. No. 11 at 2, 3.) In his amended complaint, Sweat alleges that, while in prison, he has been denied nutritionally adequate meals and access to religious materials. (*Id.* at 4.) Sweat demands that Stirling and McCall change the policies that have caused those conditions. (*Id.* at 6.)

Sweat initially filed this action against the South Carolina Department of Corrections. (*See* Dkt. No. 1.) On February 15, 2019, the undersigned notified Sweat that his original complaint was subject to summary dismissal for failure to state a claim and that he could file an amended complaint. (Dkt. No. 7 at 1.) He did so on February 20, 2019, this time naming Stirling and McCall as defendants. (Dkt. No. 11.) After reviewing the amended complaint, the undersigned

1

determined it, too, was subject to summary dismissal. (Dkt. No. 15 at 1–2.) Therefore, on March 6, 2019, the undersigned again notified Sweat that his pleading failed to state a claim and gave him an opportunity to address its defects by filing a second amended complaint. (*Id.* at 2.) The undersigned informed Sweat that if he did not file a second amended complaint by March 20, the undersigned would recommend that the amended complaint be dismissed for failure to state a claim. (*Id.*) Sweat has not filed anything since then.

## STANDARD OF REVIEW

The Court is required to screen prisoner complaints seeking redress from governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A. The Court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915A(b). Those same criteria are grounds for dismissing a case filed by someone proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B).

As to failure to state a claim, a complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a court analyzes a complaint for facial plausibility, it must accept the factual allegations as true. *Id.* The court need not, however, accept as true the complaint's legal conclusions. *Id.* When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

Because Sweat is *pro se*, the undersigned has screened the complaint liberally and considered whether it includes any potential grounds for relief. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That does not mean, however, the Court can ignore a clear failure to allege

facts that set forth a cognizable claim. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## DISCUSSION

To state a claim under § 1983, a complaint must allege facts indicating (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A complaint does not need to expressly invoke § 1983 as the legal theory for a plaintiff's claim, but it must contain "facts sufficient to show that [the § 1983] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2015) (per curiam).

The amended complaint fails to state a claim against Stirling or McCall. The amended complaint does not allege they were personally involved in depriving Sweat of religious materials or adequate food; rather, it indicates other individuals engaged in that conduct. (*See* Dkt. No. 11 at 5, 14.) State actors can be liable only for personal conduct that violates a plaintiff's rights; there is no vicarious liability under § 1983. *See, e.g.*, *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Sweat alleges that his conditions are the product of unspecified prison policies, and he indicates he believes the defendants have the power to change them. (*See* Dkt. No. 11 at 6.) However, having the power to remedy unconstitutional conditions is not the same as causing those conditions. The amended complaint does not allege Stirling or McCall created, approved, enforced, or were aware of the alleged policies at issue. In other words, there are no allegations that they were personally involved in the alleged deprivation of Sweat's rights. Thus, the amended complaint fails to state a claim.

Sweat's claims against McCall are subject to summary dismissal for another reason. Sweat is suing McCall only in his individual capacity. (Dkt. No. 11. at 3.) But Sweat seeks only injunctive relief. Section 1983 does not allow plaintiffs to obtain injunctions against defendants

in their individual capacities. *E.g.*, *McFadden v. Fuller*, No. 2:13-cv-2290-JMC, 2014 WL 26278, at *4 (D.S.C. Jan. 2, 2014).[1]

For the above reasons, the amended complaint fails to state a facially plausible claim for relief against either defendant. It therefore should be dismissed.

The Fourth Circuit Court of Appeals has recently stated that, when a district court has already given a plaintiff a chance to amend the complaint but the plaintiff has still not cured the defects, the district court has the discretion to afford another opportunity to amend or "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order." *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (*Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 630 (4th Cir. 2015)); *accord Mitchell v. Unknown*, 730 F. App'x 171, 171 (4th Cir. 2018); *Knox v. Plowden*, 724 F. App'x 263, 264 (4th Cir. 2018). In line with those recent cases, the undersigned recommends the dismissal in this case be with prejudice; Sweat has had two opportunities to amend, has taken one of those opportunities, foregone another, and still has failed to state a claim upon which relief could be granted.

## CONCLUSION

For the above reasons, the undersigned recommends that the Court summarily dismiss the complaint, with prejudice and without issuance or service of process on the defendants.

**IT IS SO RECOMMENDED.**

April 11, 2019
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Plaintiff's attention is directed to the **Important Notice** on the next page.

---

[1] Sweat did not indicate whether he is suing Stirling in his official capacity or his individual capacity. Because Sweat seeks only injunctive relief against Stirling, undersigned liberally construes the amended complaint as Sweat suing Stirling only in his official capacity. *See Daniels v. City of N. Charleston*, No. 2:12-cv-0319-DCN-BM, 2012 WL 3877710, at *3 (D.S.C. Aug. 9, 2012) (collecting cases stating that njunctive relief may be granted against § 1983 defendants only in their official capacities), *adopted*, 2012 WL 3880078 (D.S.C. Sept. 6, 2012).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).